# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KATHERINE CROW ALBERT GUIDRY,                              CIVIL ACTION
INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF JASON PAUL GUIDRY

VERSUS

METROPOLITAN LIFE INSURANCE                              25-18-SDD-RLB
COMPANY, ET AL

## RULING

     The Court takes up several motions in this ERISA case: 1) Life Insurance Company of North America's ("LINA") Motion for Partial Summary Judgment on the Issue of ERISA Preemption;[1] 2) Metropolitan Life Insurance Company's ("MetLife") and Waste Management National Services, Inc.'s ("Waste Management") Motion for Partial Summary Judgment;[2] 3) Waste Management's Motion for Judgment on the Administrative Record;[3] and 4) MetLife's Motion for Judgment on the Administrative Record.[4] The parties have filed their Briefs on the Merits[5] in accordance with the ERISA Case Order. Waste Management and MetLife additionally moved for, and were granted, leave to file Reply briefs on their Motions for Judgment on the Administrative Record.[6] Also pending are two Motions to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Waste Management and MetLife, respectively.[7]

---

[1] Rec. Doc. 40.
[2] Rec. Doc. 44.
[3] Rec. Doc. 65.
[4] Rec. Doc. 66.
[5] Rec. Docs. 64, 65, 66, 67.
[6] Rec. Docs. 74, 75.
[7] Rec. Docs. 17, 18.

For the reasons that follow, the Motions for Summary Judgment and Motions for Judgment on the Administrative Record will be granted, Plaintiff's claims against all Defendants will be dismissed, and the Motions to Dismiss will be terminated as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Katherine Crow Albert Guidry ("Plaintiff"), initiated this action to recover allegedly unpaid life insurance proceeds in relation to her deceased husband, Jason Guidry.[8] Plaintiff alleges that she and Jason Guidry, through Waste Management (Jason Guidry's employer), entered into a contract of life insurance with MetLife.[9] According to Plaintiff's Complaint, after Jason Guidry's death on January 9, 2024, "[t]he defendants engaged in conduct to deny the decedent and his wife, petitioner (beneficiary) herein to collect on the policy proceeds by creating a confusing chain of events to disqualify the decedent from the rights he secured prior to his cancer diagnosis to prohibit the decedent's beneficiary's ability to collect on the policy of insurance."[10] Plaintiff specifically alleges that $504,000 in Optional Life Insurance coverage was wrongfully withheld.[11] Plaintiff's Complaint cites the Employee Retirement Income Security Act (ERISA) as well as three Louisiana statutes: La. R.S. 22:656, La. R.S. 22:176, and La. R.S. 22:1811.[12]

The Magistrate Judge entered an ERISA Case Order in this matter which, *inter alia*, ordered the parties to "file a (1) joint stipulation, or (2) a motion for summary judgment or other dispositive motion as to the following issues: a. whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or

---

[8] Rec. Doc. 1.
[9] *Id.* at ¶ IV.
[10] *Id.* at ¶¶ VI, X.
[11] *Id.* at ¶¶ VII, VIII
[12] *Id.* at ¶ II.

construe and interpret the terms of the plan; and b. whether ERISA preempts all state law claims related to the employee benefit plan at issue."[13] The parties did not reach stipulations on these issues. Waste Management and MetLife filed a joint Motion for Summary Judgment on the first issue (whether the plan vests the administrator with discretionary authority)[14] and LINA filed a Motion for Summary Judgment on the second issue (ERISA preemption).[15]

Waste Management and MetLife jointly filed copies of the Waste Management Health and Welfare Benefits Plan (the "Plan"), the Summary Plan Description ("SPD"), and the administrative record concerning Plaintiff's claim for benefits.[16] LINA filed its administrative record as well as copies of an Administrative Services Agreement between LINA and Waste Management.[17] Plaintiff stipulated to the completeness of the administrative record.[18]

In accordance with the ERISA Case Order, Plaintiff filed her Opening Brief on the Merits on October 15, 2025.[19] Waste Management and MetLife subsequently filed separate Response Briefs on the Merits, within which they also asserted Motions for Judgment on the Administrative Record[20] seeking dismissal of all claims brought against them. LINA filed a Response Brief on the Merits seeking dismissal of Plaintiff's claims.[21] Plaintiff filed separate Replies to all three of the Defendants' filings.[22]

---

[13] Rec. Doc. 32, ¶ II.
[14] Rec. Doc. 44.
[15] Rec. Doc. 40.
[16] Rec. Doc. 47.
[17] Rec. Doc. 35.
[18] Rec. Doc. 54.
[19] Rec. Doc. 64.
[20] Rec. Docs. 65, 66.
[21] Rec. Doc. 67.
[22] Rec. Docs. 68, 69, 70.

## II.    LAW AND ANALYSIS

### A. Motions for Summary Judgment

#### 1.  Legal Standard

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[23] This determination is made "in the light most favorable to the opposing party."[24] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[25] If the moving party satisfies its burden, "the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."[26] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[27]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[28] All reasonable factual inferences are drawn in favor of the nonmoving party.[29] However, "[t]he Court has no duty

---

[23] FED. R. CIV. P. 56(a).
[24] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[25] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 333–34 (1986)).
[26] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986)).
[27] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).
[28] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson*, 477 U.S. at 248)).
[29] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[30] "Conclusory allegations unsupported by specific facts . . . will not prevent an award of summary judgment."[31]

### 2. Waste Management's and MetLife's Motion for Summary Judgment

The Supreme Court directs courts to conduct *de novo* review when adjudicating ERISA benefit disputes unless the plan documents give "the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[32] Where the plan administrator has discretionary authority to determine eligibility for benefits or to construe the terms of the plan, courts must base their review of the legal and factual findings of the administrator's decision under an abuse of discretion standard.[33]

Pursuant to the ERISA Case Order, because there was no stipulation reached on this issue, Waste Management and MetLife move for summary judgment that the employee welfare benefits plan at issue in this case gives the administrator discretionary authority to determine eligibility for benefits and to construe the terms of the Plan. Under the Plan, the "Administrator" is "the Administrative Committee of the Waste Management Employee Benefits Plans, which is the 'Plan Administrator' of the Plan, as such term is defined under Section 3(16) of ERISA."[34] The Plan further provides: "The Administrator may also mean any other individual or entity designated from time to time by the

---

[30] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998)).

[31] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).

[32] *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[33] *See Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 226 (5th Cir. 2004).

[34] Rec. Doc. 47-5, p. 7.

Administrator."[35] In Article XI, the Plan provides that the Administrator shall have certain "express discretionary authorities," including "to construe and interpret the terms of the Plan, and to resolve all ambiguities, inconsistencies or omissions therein," and "to decide all questions of eligibility and determine the amount, manner and time of payment of any benefits" under the Plan.[36]

Additionally, the Plan gives the Administrator "the power to delegate specific duties, discretionary and other authorities, and responsibilities to officers or Employees of the Company or other individuals or entities."[37] The Administrator is permitted "to appoint or name a Claims Administrator to handle the administration of claims."[38] Article XII of the Plan, entitled "Claims Administration," provides in part:

> The Administrator may delegate its authority and responsibilities under this Article to a Claims Administrator, provided such delegation is in writing. Any reference to Administrator in this Article shall mean the applicable Claims Administrator if the relevant authority and responsibility has been delegated by the Administrator to that Claims Administrator. The Administrator has sole discretionary authority to grant or deny benefits under the Plan. Benefits under the Plan shall be paid only if the Administrator decides in its sole discretion that the Claimant is entitled to them.[39]

The Court finds that the Plan clearly vests the Administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan. Plaintiff's Opposition is meritless and provides no evidence to contradict the express terms of the Plan quoted above. Therefore, the Motion will be granted. Because the Plan

---

[35] *Id.*
[36] *Id.* at p. 56.
[37] *Id.* at p. 57.
[38] *Id.*
[39] *Id.* at p. 58.

gives the Administrator discretionary authority, the abuse of discretion standard of review applies in this matter.

### 3. LINA's Motion for Summary Judgment

LINA's Motion relates to the second issue identified in the ERISA Case Order: whether ERISA preempts all state law claims related to the Plan. In her Complaint, Plaintiff cites three Louisiana statutes: La. R.S. 22:656; La. R.S. 22:176; and La. R.S. 22:1811.[40] In connection with these citations, Plaintiff alleges that the Defendants arbitrarily and capriciously failed to pay her claim for Employee Optional Life Insurance coverage following the death of Jason Guidry.[41] In addition to "general and special damages," Plaintiff demands penalties and attorney's fees.[42]

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]"[43] In general, a state law "relates to" an ERISA plan "whenever it has 'a connection with or reference to such a plan.'"[44] According to the Fifth Circuit, state law causes of action are barred under Section 514(a) "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities— the employer, the plan and its fiduciaries, and the participants and beneficiaries."[45] "The language of the ERISA preemption clause is deliberately expansive, and has been

---

[40] *See* Rec. Doc. 1, ¶ XIV.
[41] *Id.*
[42] *Id.*
[43] 29 U.S.C. § 1144(a).
[44] *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir.1995) (quoting *Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1328–29 (5th Cir.1992), *abrogated on other grounds by Mertens v. Hewitt Assoc.,* 508 U.S. 248 (1993)).
[45] *Id.* (citing *Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 176 (5th Cir.1994); *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990)).

construed broadly by federal courts."[46] The Supreme Court has held that ERISA preempts state law tort and contract claims for improper processing of a claim for benefits.[47]

Plaintiff notes that the Short-Term Disability program under the Plan "is not subject to ERISA."[48] However, Plaintiff has not asserted a claim for Short-Term Disability benefits in this lawsuit. Rather, Plaintiff seeks to recover Employee Optional Life Insurance benefits, to which ERISA does apply.[49]

La. R.S. 22:1811 provides: "All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid." Courts have repeatedly recognized that these types of claims are preempted by ERISA.[50] Because Plaintiff's claim under La. R.S. 22:1811 addresses an area of exclusive federal concern and directly affects the relationship between traditional ERISA entities, the claim will be dismissed as preempted by ERISA.

---

[46] *Id.*

[47] *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987).

[48] Rec. Doc. 47-3, p. 114

[49] *Id.* at p. 167 ("The Waste Management Health and Welfare Benefits Plan is governed by ERISA [ ]. Note, however, that the Short-Term Disability Program, the Adoption Assistance Program, the LegalZoom LifePlan and the Dependent Day Care Flexible Spending Account Program are not subject to ERISA.").

[50] *See, e.g., Wright v. Louisiana Corrugated Products, LLC*, 59 F.Supp.3d 767 (W.D. La. 2014) ("Courts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)."); *Hartford Life & Accident Ins. Co. v. Varnado*, No. CV 16-00015-SDD-EWD, 2016 WL 2354539, at *3 n.14 (M.D. La. Mar. 24, 2016), *report and recommendation adopted*, No. CV 16-15-SDD-EWD, 2016 WL 1746055 (M.D. La. May 2, 2016) (claim under La. R.S. 22:1811 (formerly cited at La. R.S. 22:656) would be preempted under ERISA); *James v. Connecticut Gen. Life Ins. Co.*, No. CIV.A. 07-799-B-M2, 2010 WL 3724514, at *4 (M.D. La. Aug. 5, 2010), *report and recommendation adopted*, No. CIV.A. 07-799-FJP-CN, 2010 WL 3724513 (M.D. La. Sept. 14, 2010) (same). *See also Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 979 (5th Cir. 1991) ("In short, when beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is provided by ERISA, in 29 U.S.C. § 1132(a)(1)(B)."); *Anderson v. Bus. Men's Assur. Co.*, No. CIV.A. 02-2212, 2003 WL 21305335, at *9 (E.D. La. June 5, 2003) (La. R.S. 22:656 (now numbered as La. R.S. 22:1811) preempted by ERISA).

Plaintiff also purports to lodge claims under La. R.S. 22:656 and La. R.S. 22:176 but fails to explain how these statutes could afford any relief under the circumstances presented in this action. Plaintiff additionally fails to explain why any such action would not be preempted by ERISA. The Court finds these statutes wholly inapplicable to the allegations in this case. Even if the statutes were somehow applicable, Plaintiff has not articulated any state law claims that would not be preempted.[51]

For the foregoing reasons, Plaintiff's state law claims will be dismissed as preempted by ERISA.

### B. Parties' Briefs on the Merits

#### 1. Plaintiff's Brief

Without any citation to the administrative record, Plaintiff in her Opening Brief on the Merits asserts that Jason Guidry "was not accorded all of his vacation time and Family Medical Leave Extended Time that allowed him to be classified, according to the Plan Administrators, as 'actively at work'" as required under the Plan for entitlement to Optional Life Insurance coverage.[52] Plaintiff maintains that "Defendants did not exercise their duty to maximize [Plaintiff's] benefits by maintaining [Plaintiff's] employment status, which they had a fiduciary duty to do under the [P]lan."[53] In short, Plaintiff alleges that she and Jason Guidry were misled by Defendants as follows:

> Petitioner and her deceased spouse were led to believe, intentionally or by negligent misrepresentation, that they would be better off if he sought to seek status for leave and/or (short term) temporary disability. They were not advised that receiving a leave status or temporary disability status would

---

[51] La. R.S. 22:1811 was previously numbered as La. R.S. 22:656. To the extent Plaintiff's reference to La. R.S. 22:656 was meant to refer to the statute now found at La. R.S. 22:1811, the claim is preempted as explained.

[52] Rec. Doc. 64, p. 2.

[53] *Id.*

result in loss of the death benefits from the $500,000.00 policy. No attempt was made by the defendants to allow all vacation and family leave time to be applied before placing him on temporary disability.[54]

Plaintiff's Brief contains no legal citations.

### 2. Liability of Waste Management

The Court finds that Plaintiff has no claim against Waste Management. Section 502(a)(1)(B) of ERISA allows a claimant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[55] Waste Management was Jason Guidry's employer. The Fifth Circuit has found that "a claimant may bring a suit against an employer when the plan has no meaningful existence apart from the employer, and when the employer made the decision to deny benefits."[56] As stated in the SPD in this case, "Life and AD&D" coverages are "fully-insured," meaning that "[a]n insurance carrier provides administrative services and makes decisions regarding benefits. The insurance carrier insures coverages and makes benefit payments."[57] MetLife is designated as the Claims Administrator for Life and AD&D coverages.[58] The record shows that MetLife, not Waste Management, denied Plaintiff's claim for Optional Life Insurance.[59]  Thus, the documents show that Waste Management did not make the decision to deny Optional Life Insurance benefits, and Plaintiff has pointed to no record

---

[54] *Id*. at p. 7.

[55] 29 U.S.C. § 1132(a)(1)(B).

[56] *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 843 (5th Cir. 2013) (citing *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349–50 (5th Cir.2003)).

[57] Rec. Doc. 47-3, p. 5. *See also id*. at p. 169 ("…the insurance companies have sole discretionary authority to grant or deny benefits under insured plans, and to make benefit determinations in accordance with the terms of the policies they have issued to [Waste Management].").

[58] *Id*. at p. 168.

[59] Rec. Doc. 47-1, p. 50.

evidence supporting a cause of action against Waste Management. Accordingly, the Court will grant Waste Management's Motion for Judgment on the Administrative Record.

### 3. Liability of MetLife

Plaintiff's claim against MetLife also lacks merit. As established, MetLife as Claims Administrator had discretionary authority to interpret the terms of the policy and to make benefit eligibility determinations on claims for life insurance.[60] Thus, the Court reviews MetLife's decision for abuse of discretion.[61] "In the context of ERISA, the abuse of discretion standard of review 'is the functional equivalent of arbitrary and capricious review.'"[62] Review of this question is limited to the record that was before MetLife at the time of the final claim decisions.[63] If MetLife's decision "is supported by substantial evidence and is not arbitrary or capricious, it must prevail."[64] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[65] MetLife's decision is only deemed arbitrary "'if made without a rational connection between the known facts and the decision or between the found facts and the evidence.'"[66] Under the abuse of discretion standard, a court's "'review of the administrator's decision need not be

---

[60] Rec. Doc. 47-5, pp. 56–58; Rec. Doc. 47-3, pp. 168–169.

[61] *See Vercher*, 379 F.3d at 226.

[62] *Tesch v. Prudential Ins. Co. of America*, 829 F.Supp.2d 483, 493 (W.D. La. 2011) (quoting *Anderson v. Cytec Industries, Inc.*, 619 F.3d 505, 512 (5th Cir. 2010)).

[63] *See Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999) (*abrogated on other grounds*).

[64] *Schexnayder v. Harford Life & Acc. Ins. Co.*, 600 F.3d 465, 468 (5th Cir. 2010) (quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004)).

[65] *Rittinger v. Healthy Alliance Life Insurance Company*, 914 F.3d 952, 957 (5th Cir. 2019) (citations omitted) (internal quotation marks omitted).

[66] *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield,* 97 F.3d 822, 828–29 (5th Cir.1996)).

particularly complex or technical; it need only assure that the administrator's decision falls somewhere on a continuum of reasonableness — even if on the low end.'"[67]

The Plan provides both "Basic Employee Life and AD&D," as well as "Optional Employee Life and AD&D."[68] According to the SPD, "[t]he Company [Waste Management] automatically provides [the employee] with basic employee life and AD&D coverage."[69] With respect to the optional coverage, the SPD further provides: "In addition to the Company-provided basic employee life and AD&D coverage, you may purchase optional employee life and AD&D coverage for yourself. This coverage provides additional protection to your beneficiary in the event of your death."[70] The employee may purchase up to eight times his annual pay in Optional Employee Life and AD&D.[71] An employee may select optional coverage when he is first hired and each year during annual enrollment.[72] The SPD states:

> If you elect to increase your optional coverage during annual enrollment, **you must be actively at work on January 1** (the first day of the plan year) for any increase in coverage to take effect. If you are not actively at work on that date, the change in your benefits will take place when you return to active work.[73]

According to the SPD, "[a]ctively at work means you are performing all of the material duties of your job with [Waste Management] where these duties are normally performed."[74]

---

[67] *Corry v. Liberty Life Assurance Co. of Boston,* 499 F.3d 389, 398 (5th Cir. 2007).
[68] Rec. Doc. 47-3, p. 98.
[69] *Id.* at p. 97.
[70] *Id.*
[71] *Id.* at p. 98.
[72] *Id.* at p. 99.
[73] *Id.* at p. 103.
[74] *Id.* at p. 10.

The record reveals the following pertinent facts. On January 16, 2024, Plaintiff submitted a claim to MetLife for life insurance benefits payable on the life of Jason Guidry under the Plan.[75] Plaintiff transmitted Jason Guidry's death certificate to MetLife, which reflected January 9, 2024, as the date of death.[76] On February 27, 2024, MetLife paid Plaintiff $63,018.12 for Basic Life Insurance benefits plus interest.[77] However, MetLife denied the claim for Optional Life Insurance, explaining as follows in its denial letter:

> According to our records, Jason Guidry elected Optional Life Insurance coverage to be effective January 1, 2024. The Death Certificate issued by the State of Louisiana indicates that Jason Guidry passed away on January 9, 2024. According to the records of [Waste Management], Jason Guidry had a job status of Leave of Absence, with a date last worked of December 12, 2023, and did not return to work prior to passing away.[78]

For this reason, MetLife concluded Jason Guidry was not "actively at work" on January 1, 2024, as required under the Plan for the optional coverage to take effect.[79]

Plaintiff argues that Jason Guidry should be considered an "active employee" as of January 1, 2024, because he "was not accorded all of his vacation time and Family Medical Leave Extended Time that allowed him to be classified, according to the Plan Administrators, as 'actively at work.'"[80] Plaintiff cites no evidence to support this assertion. There is also no evidence supporting Plaintiff's theory that MetLife (or any of the

---

[75] Rec. Doc. 47-1, pp. 12–15.
[76] *Id.* at pp. 34–35.
[77] *Id.* at pp. 72–73. Plaintiff acknowledges receipt of this payment in her Complaint. *See* Rec Doc. 1, ¶ VIII(V).
[78] *Id.* at pp. 50–51. *See also* Rec. Doc. 47-2, p. 8 (reflecting Jason Guidry's last date of work was December 12, 2023).
[79] *Id.*
[80] Rec. Doc. 64, pp. 1–2.

Defendants) "manipulated the process to place him outside of his employment prematurely" in an intentional effort to eliminate the Optional Life Insurance coverage.[81]

After reviewing the record, the Court finds that MetLife's denial of Plaintiff's claim for Optional Life Insurance coverage was not an abuse of discretion. MetLife reasonably denied coverage on the basis that Jason Guidry was not "actively at work" on the date the Optional Life Insurance coverage took effect, and Plaintiff has pointed to no evidence showing otherwise. Accordingly, MetLife's Motion for Judgment on the Administrative Record will be granted.

### 4. Liability of LINA

In February of 2019, LINA entered into an Administrative Services Agreement with Waste Management whereby LINA agreed to provide administrative service relating to Wate Management's leave policies.[82] In 2021, LINA entered into an Amendment of the Administrative Services Agreement whereby LINA agreed to provide administrative services regarding a self-funded salary continuance plan providing short-term disability benefits.[83]

On December 22, 2023, LINA sent Jason Guidry a letter approving his claim for short-term disability benefits.[84] The letter indicates a date of disability of December 12, 2023, and notes that benefits had been approved through January 14, 2024.[85] On January 9, 2024, LINA approved Jason Guidry's request for "Administrative Leave 6" and FMLA leave from the date of disability through January 14, 2024.[86]

---

[81] *Id.* at p. 2.
[82] Rec. Doc. 35-3.
[83] Rec. Doc. 35-4.
[84] Rec. Doc. 35-2, pp. 3–4.
[85] *Id.*
[86] *Id.* at pp. 146–149.

Plaintiff argues it is "suspicious" that LINA did not give notice as to the status of Jason Guidry's leave request until the date of his death.[87] However, Plaintiff cites no record evidence supporting her allegations of fault against LINA. LINA approved the requests for leave and short-term disability coverage and was not involved in the denial of Optional Life Insurance. Further, there is no evidence supporting the argument that LINA (or any of the Defendants) convinced Jason Guidry or Plaintiff "that they would be better off" if Jason Guidry sought leave status and short-term disability, thereby depriving them of Optional Life Insurance coverage. Accordingly, Plaintiff's claims against LINA will be dismissed.

## III.    CONCLUSION

For the foregoing reasons,

Life Insurance Company of North America's Motion for Partial Summary Judgment on the Issue of ERISA Preemption[88] is GRANTED;

Metropolitan Life Insurance Company's and Waste Management National Services, Inc.'s Motion for Partial Summary Judgment[89] is GRANTED;

Waste Management's Motion for Judgment on the Administrative Record[90] is GRANTED;

 MetLife's Motion for Judgment on the Administrative Record[91] is GRANTED;

LINA's Response Brief on the Merits,[92] which the Court construes as a Motion for Judgment on the Administrative Record, is GRANTED;

---

[87] Rec. Doc. 64, p. 7.
[88] Rec. Doc. 40.
[89] Rec. Doc. 44.
[90] Rec. Doc. 65.
[91] Rec. Doc. 66.
[92] Rec. Doc. 67.

Plaintiff's Opening Brief on the Merits,[93] which the Court construes as a Motion for Judgment on the Administrative Record, is DENIED.

The Motions to Dismiss filed by MetLife[94] and Waste Management[95] will be terminated as moot.

Plaintiff's action is hereby dismissed with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 7th day of _____January_____, 2026.


_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[93] Rec. Doc. 64.
[94] Rec. Doc. 17.
[95] Rec. Doc. 18.